IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: James Moran | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| Franklin Collections Service, Inc. | ) | |
| PO Box 3910 | ) | |
| Tupelo, MS 38803 | ) | |
| | ) | July Demand Requested |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

1. Plaintiff, James Moran, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Franklin Collections Service, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. Under the Fair Debt Collection Practices Act, a Debt Collector can not threaten a lawsuit if it has no intention of actually suing the consumer. 15 U.S.C. Section 1692e(5).

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this

claim occurred in this District.

## PARTIES

5. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

6. Plaintiff is a resident of the State of Illinois.

7. Defendant ("Franklin Collection Service, Inc."), is a Mississippi business entity with an address of 2978 West Jackson Street, Tupelo, Mississippi, 38801, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

8. Unless otherwise stated herein, the term "Defendant" shall refer to Franklin Collection Service, Inc.

9. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

**10.** At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

12. The communications at issue were sent in connection to debt collection.

## FACTS APPLICABLE TO ALL COUNTS

13. On or about July 26, 2017, Plaintiff received a collection letter from Defendant. See Exhibit A.

14. The amount being collected upon was $192.67. See Exhibit A.

15. Said letter stated "WE HAVE MADE SEVERAL ATTEMPTS FOR YOU TO RESOLVE THIS MATTER VOLUNTARILY. YET IT GOES UNSATISFIED AS OF THE DATE ON THIS NOTICE. WE SELDOM RESORT TO LITIGATION IF THE ACCOUNT IS RESOLVED IN A TIMELY MANNER." See Exhibit B.

16. Next, said letter states "AT THIS TIME, THERE HAS BEEN NO CIVIL ACTION FILED OR JUDGMENT OBTAINED." See Exhibit A.

17. Furthermore, said letter states "TO PAY IN FULL IMMEDIATELY YOU MAY CALL OUR PAY ANYTIME LINE."

18. Said letter demands a payment of $192.67. See Exhibit A.

19. Immediately right to the language quoted in paragraphs 15-18 of this Complaint, said letter states "Employment Verified" and "Assets Located" with boxes right next to them. See Exhibit A.

20. This letter is a clear threat to sue Plaintiff over this debt for $192.67.

21. Defendant did not have the ability to sue and never intended to sue Plaintiff for this debt.

**FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

23. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on.

24. Defendant violated 15 U.S.C. Section 1692e by suggesting outcomes (from not paying the debt) that can not legally come to pass.

25. Defendant violated 15 U.S.C. Section 1692e by misrepresenting the status of the debt.

## STANDING AND INJURY

26. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

27. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

28. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

29. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## PRAYER FOR RELIEF

30. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

## **JURY DEMAND**

(1) Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff